**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| IRA JACKSON, | **:** | |
| | **:** | |
| Petitioner, | **:** | |
| | **:** | **No. 1:26-cv-00055-LAG-CHW** |
| v. | **:** | |
| | **:** | |
| COREY KENNEDY, *et al.*, | **:** | **PROCEEDINGS UNDER 28 U.S.C. § 2241** |
| | **:** | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| Respondent. | **:** | |

## ORDER

Petitioner Ira Jackson, while incarcerated at the Crisp County Detention Center in Cordele, Georgia, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.   ECF No. 1.   Petitioner has also filed a motion to proceed *in forma pauperis* (ECF No. 2) and an "emergency motion for expedited consideration" (ECF No. 3).

## INITIAL REVIEW

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the District Courts to conduct a preliminary review of every federal habeas petition prior to service upon a respondent.   Petitioner was before the United States District Court in the Middle District of Georgia on April 15, 2026 for a revocation of probation in Criminal Case No. 5:15-cr-00035-TES-CHW, and he was sentenced to the custody of the United States Bureau of Prisons for a total term of fourteen months.   *See* ECF No. 1172 in *United States v. Jackson*.   Petitioner has filed this habeas petition requesting credit for time served in pre-sentence confinement.

1

The Bureau of Prisons (hereinafter "BOP"), not the Court, possesses the authority to determine the manner in which credit for prior custody is applied toward a federal sentence. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995) ("The Attorney General—acting through the BOP—initially possesses the exclusive authority under the law of this Circuit to compute sentence credit awards after sentencing."); *United States v. Roberson*, 746 F. App'x 883, 885 (11th Cir. 2018) ("The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts."). Only after a Defendant has fully exhausted his administrative remedies with the BOP may a Defendant mount a judicial challenge to the BOP's decision as to sentence computation. *Id.*; *see also United States v. Nyhuis*, 211 F. 3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.").

Petitioner has not demonstrated that he has sought administrative relief through the BOP, as is required, before a district court can review the computation of his sentence.[1] Therefore, Petitioner must now recast his petition on the Court's standard form and detail the BOP's computation of his sentence as it relates specifically to any pre-sentence confinement. Furthermore, Petitioner must provide the Court with additional information demonstrating how he has exhausted remedies with the BOP from the BOP's denial of pre-trial confinement.

---

[1] Indeed, the present petition was filed before Petitioner was even transferred to his present confinement in the Oklahoma Federal Transfer Center in Oklahoma City, Oklahoma.

**MOTION TO PROCEED IN FORMA PAUPERIS**

Petitioner requests leave to proceed *in forma pauperis*.   ECF No. 2.   Petitioner has not, however, provided the Court with "a certificate from the warden or other appropriate officers of the place of petitioner's confinement showing the amount of money or securities that the petitioner has in any account in the institution."   Habeas Corpus R. 3(a)(2).   Without this, the Court cannot determine if Petitioner qualifies to proceed without payment of the $5.00 filing fee. Therefore, Petitioner must submit a certified account statement signed by a corrections official in support of his request to proceed in forma pauperis or pay the $5.00 filing fee if he wishes to proceed with this civil action.

**EMERGENCY MOTION FOR EXPEDITED CONSIDERATION**

Petitioner has filed a motion in which he requests "an expedited response and prompt adjudication" as well as "an order directing Respondents to respond on an accelerated schedule."   ECF No. 3.   The Court has now conducted an initial review of Plaintiff's petition (ECF No. 1) and his motion to proceed *in forma pauperis* (ECF No. 2) finding them to be incomplete.   Therefore, no respondent is being served with the petition at this time and it has yet to be determined if Petitioner's application will proceed beyond frivolity review.   Accordingly. Petitioner's request for an expedited timeline in this matter (ECF No. 3) is **DENIED** as premature.

**CONCLUSION**

Petitioner's "emergency motion for expedited consideration" (ECF No. 3) is **DENIED** as premature.   Petitioner is **ORDERED** to recast his petition on the Court's

standard § 2241 form as instructed and include his efforts to exhaust his remedies with the BOP. He is also **ORDERED** to either pay the $5.00 filing fee or submit a certified account statement signed by a corrections official. Petitioner must keep the Court informed of any future address change.

Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to respond. Failure to fully and timely comply with this Order can result in the dismissal of this civil action.

The Clerk of Court is **DIRECTED** to forward the Court's standard form for § 2241 petitions for federal prisoners and the account certification form (with the civil action number written on them) to Petitioner along with a copy of this Order.

**SO ORDERED and DIRECTED**, this 2nd day of June, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

4